**Reverse and Remand; Opinion Filed April 27, 2020**



In The
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-19-00042-CV**

**FIRST OVILLA, Appellant**
**V.**
**JOHN PRIMM, GORDON BRUCE, LINDSAY BENDORF, THELMA MINYARD, JENNIFER DOKE, NEIL C. TURNER, JEREMY THOMPSON, ELISA JOHNSON, L. ELAINE TRICOLI, PETE PINEDA, JR., CHRISTOPHER STILLO FAMILY TRUST, CYNTHIA L. SCHWEIZER, LINDA H. BONDS, BARBARA WOHLRABE, ELIZABETH C. IRWIN, EDWARD J. FAROW, BENJAMIN BRUNSON, GEORGINA BRUNSON, CHARLES MCCALLUM, JOANNA MCCALLUM, MARGARET ABRUSLEY, CHARLOTTE JONES, JAMES HATCHETT, JENNIFER HATCHETT, LEX R. READY, JR., LISA READY, EDWARD R. WESTMEYER, Appellees**

**On Appeal from the County Court at Law No. 1**
**Dallas County, Texas**
**Trial Court Cause No. CC-17-01696-A**

## MEMORANDUM OPINION

Before Justices Myers, Whitehill, and Pedersen, III
Opinion by Justice Myers

This is an appeal from an order granting a plea to the jurisdiction filed by appellees John Primm, et al., and dismissing appellant First Ovilla's declaratory judgment action. In two issues, First Ovilla argues that (1) the dismissal of its declaratory judgment action based on a permanent injunction that has since been

dissolved by this Court was improper; and (2) regardless of the dissolved permanent injunction, the trial court erred in granting the defendants' plea to the jurisdiction and dismissing First Ovilla's declaratory judgment action. We reverse and remand.

## Background and Procedural History

First Ovilla owns residential property located at 6311 Monticello Avenue in Dallas, Texas. This lot is in a subdivision, Lakeview Heights Addition, and First Ovilla wants to build a new single-family dwelling on the lot. The neighborhood has restrictive covenants dating back to its inception in the 1950s. These restrictive covenants require approval of any building plans by an architectural control committee composed of three named members who have since died and were never replaced. The restrictive covenants (specifically, covenant 1) require that no building exceed "one story in height," a phrase that is undefined.

> No plot shall be used except for residential purposes. No building shall be erected, altered, placed or permitted to remain on any lot other than one single family dwelling not to exceed one story in height and a private garage.

The restrictive covenants also provide that the "ground floor area of the main structure, exclusive of open porches and garages, shall not be less than 1300 square feet."

Kristy Blanchard, Managing Member of First Ovilla, sent building plans to the ACC members' last known addresses, receiving either "return to sender" or

"unable to forward" notifications. She did not receive any written approval or disapproval.

First Ovilla filed a declaratory judgment action seeking an interpretation of the neighborhood's restrictive covenants. In addition to the "not to exceed one story in height" restriction in covenant 1, First Ovilla sought declarations regarding architectural features such as the use of dormers/gables; the location of windows; the number of bedrooms, bathrooms, bars, or living areas; the inclusion of fireplaces; the building of an attached garage; and the location or size of porches on homes within the neighborhood. The case was assigned to the 68th Judicial District Court.

Appellees sought to transfer this case to County Court at Law No. 1, arguing it was related to another case pending in that court, *Lakeview Heights Addition Property Owners Association and Barbara Wohlrabe v. BCH Development, LLC, and Blanchard Homes, LLC, et al.*, Cause No. CC-13-05900-A. The other case involved a different builder, BCH Development, LLC, and a different lot in the neighborhood. BCH Development is owned by Frank Blanchard. First Ovilla is owned by his wife, Kristy Blanchard, who was not a party to the other case. The County Court at Law No. 1 granted the motion to transfer and transferred the case out of district court and into county court.

Appellees then filed a plea to the jurisdiction in the county court seeking dismissal of the case, arguing First Ovilla's claims were now moot as a result of

–3–

the judicial determinations by the county court in cause CC-13-05900-A; and, more specifically, an amended permanent injunction signed by that court on March 10, 2017. It permanently enjoined BCH (among others) from building a dwelling in the neighborhood in excess of one story and with a habitable attic. First Ovilla opposed the dismissal, arguing First Ovilla and its owner were not parties to the other proceeding; the lot and plans were not the same as those at issue in the other case; and different or additional declarations in the restrictive covenants were at issue. The county court granted appellees' plea to the jurisdiction and dismissed First Ovilla's claims in an order signed on August 31, 2017. After granting the plea, the county court signed a final judgment awarding attorney's fees to appellees on December 11, 2018. First Ovilla timely appealed.

This Court has since decided the other case on appeal, issuing an opinion and judgment on May 21, 2019, reversing the trial court's summary judgment in favor of appellee Lakeview Heights Property Owners' Association on appellant BCH's affirmative defense of waiver, and remanding the case to the trial court for further proceedings. Because we remanded for further proceedings on one of BCH's affirmative defenses, we also dissolved the permanent injunction signed in that case. *See BCH Dev., LLC v. Lakeview Heights Addition Prop. Owners' Ass'n and Barabara Wohlrabe, et al.,* No. 05-17-01096-CV, 2019 WL 2211479, at *12 (Tex. App.—Dallas May 21, 2019, no pet.) (mem. op.).

DISCUSSION

In its first issue, First Ovilla contends that the dismissal of its declaratory judgment action based on a permanent injunction that has since been dissolved by this Court was improper. First Ovilla's argument is that because appellees' plea to the jurisdiction was based largely on the permanent injunction signed in the *BCH* case, the basis for the plea to the jurisdiction and dismissal is now gone. First Ovilla's second issue argues, alternatively, that even before this Court dissolved the permanent injunction in our *BCH* opinion, the trial court erred in granting the plea and ordering dismissal.

A plea to the jurisdiction challenges a trial court's subject matter jurisdiction. *State v. Holland*, 221 S.W.3d 639, 642 (Tex. 2007). Because subject-matter jurisdiction is a question of law, we review de novo a trial court's ruling on a plea to the jurisdiction. *Houston Belt & Terminal Ry. Co. v. City of Houston*, 487 S.W.3d 154, 160 (Tex. 2016); *Tex. Dep't of Parks and Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).

In reviewing de novo, we focus on the plaintiff's petition to determine whether facts pleaded affirmatively demonstrate that jurisdiction exists. *Holland*, 221 S.W.3d at 642. We construe the pleadings liberally, looking to the pleader's intent. *Id.* at 643. "If the pleadings do not contain sufficient facts to affirmatively demonstrate the trial court[']s jurisdiction but do not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency and the

plaintiffs should be afforded the opportunity to amend." *Miranda*, 133 S.W.3d at 226–27; *see also Holland*, 221 S.W.3d at 643. In some instances, a plea to the jurisdiction may require the court to consider evidence pertaining to jurisdictional facts. *Holland*, 221 S.W.3d at 643; *Bland Indep. School Dist. v. Blue*, 34 S.W.3d 547, 555 (Tex. 2000). If the evidence creates a fact question regarding the jurisdictional issue, the trial court cannot grant the plea to the jurisdiction. *Holland*, 221 S.W.3d at 643; *Miranda*, 133 S.W.3d at 227–28.

Appellees' plea to the jurisdiction offered two arguments: (1) Because of the amended permanent injunction in the *BCH* case (cause CC-13-05900-A), First Ovilla's declaratory judgment claims had become moot and presented no justiciable issue; (2) First Ovilla's remaining requests for declarations also failed to present a justiciable issue.

The amended permanent injunction in the *BCH* case provided in part:

Defendant BCH Development, LLC, its heirs, assigns, officers, agents, servants, employees, and attorneys, Frank Blanchard and Kristy Blanchard and any entity which either of them controls or owns a controlling interest in, and others in active concert or participation with any of them with actual notice of the entry of this Order, be, and they hereby are, commanded forthwith to desist and refrain from engaging in the following acts:

a. Constructing a dwelling on any lot located in the Lakeview Heights Addition, located within City Block #2848 of the City of Dallas, Texas, 75214, which has more than one (1) above-ground level or floor of living space, no matter what such floors or levels of living space are called or how they are denominated in any construction plans;

b. Constructing a dwelling on any lot located in the Lakeview Heights Addition, located within City Block #2848 of the City of Dallas, Texas, 75214, which has a habitable attic.

Appellees argued in their plea to the jurisdiction that there was no live

controversy in the instant case because the amended permanent injunction in *BCH* expressly enjoined the Blanchards and any entity they controlled or owned a controlling interest in from building a home on any lot in the addition that had more than one level of living space or that had a habitable attic; and First Ovilla was controlled by Kristy Blanchard. Therefore, because Kristy Blanchard and any entity she controlled or owned a controlling interest in had been permanently enjoined from building a home with a habitable attic on any lot in the Lakeview Heights Addition, First Ovilla's declaratory judgment claims seeking a declaration of rights as to that issue were moot and presented no live, justiciable issue. Appellees' second argument likewise asserted that the court had no jurisdiction to determine First Ovilla's claims for declaratory relief because its claims either had been rendered moot by the amended permanent injunction or failed to present a justiciable controversy because First Ovilla was prohibited (again, through the permanent injunction) from constructing a home with a habitable attic. That permanent injunction, however, was dissolved by this Court when we remanded the *BCH* case for further proceedings on BCH's affirmative defense of waiver. *See BCH*, 2019 WL 2211479, at *12.

"The mootness doctrine applies to cases in which a justiciable controversy exists between the parties at the time the case arose, but the live controversy ceases because of subsequent events." *Matthews, on behalf of M.M. v. Kountze Indep. Sch. Dist.*, 484 S.W.3d 416, 418 (Tex. 2016). The mootness doctrine, like ripeness

–7–

and standing, prevents the rendition of advisory opinions. *Pedestrian Beach, LLC v. State*, No. 01-17-00870-CV, 2019 WL 6204838, at *7 (Tex. App.—Houston [1st Dist.] Nov. 21, 2019, no pet.) (mem. op.). "A declaratory-judgment action does not give a court jurisdiction 'to pass upon hypothetical or contingent situations, or to determine questions not then essential to the decision of an actual controversy, although such questions may in the future require adjudication.'" *Tesco Corp. (US) v. Steadfast Ins. Co.*, No. 01-13-00091-CV, 2015 WL 456466, at *2 (Tex. App.—Houston [1st Dist.] Feb. 3, 2015, pet. denied) (mem. op.) (quoting *Bexar Metro. Water Dist. v. City of Bulverde*, 234 S.W.3d 126, 130–31 (Tex. App.—Austin 2007, no pet.)). "Justiciability is a matter of concern in every civil case and remains a live concern from the first filing through the final judgment." *Heckman v. Williamson Cty.*, 369 S.W.3d 137, 147 (Tex. 2012). For an issue to be justiciable, "there must be a real controversy between the parties that will be actually resolved by the judicial relief sought." *The State Bar of Texas v. Gomez*, 891 S.W.2d 243, 245 (Tex. 1994). A claim of mootness presents a question of law we review de novo. *Heckman v. Williamson Cty.*, 369 S.W.3d 137, 149–50 (Tex. 2012).

Appellees argue in their brief that the issues in this case are not justiciable even in the absence of the permanent injunction, and they cite (in part) our opinion in *Noel v. Air Park Home Owners' Ass'n*, 246 S.W.3d 827 (Tex. App.—Dallas 2008, pet. ref'd). But their reliance on this case is unpersuasive. In *Noel*, we noted

that the evidence showed no injury, nor the ripening seeds of a controversy, regarding the construction of road because the homeowner requesting the construction had not been sued, and the road at issue already had been constructed. *Id*. at 836.

The dispute in this case, however, is not theoretical or hypothetical. First Ovilla sought to build a house on property that is encumbered by restrictive covenants, and the property owners' association had previously sought to prevent another builder from constructing a house with a similar building plan. The amended permanent injunction signed in that case (and on which appellees largely relied in their plea to the jurisdiction) has been dissolved by this Court. *See BCH*, 2019 WL 2211479, at *12. Therefore, given the record before us, the declarations sought by First Ovilla present a justiciable controversy and are not moot.

It is unnecessary for us to address First Ovilla's other arguments. We conclude the trial court erred in granting appellees' plea to the jurisdiction, and we sustain First Ovilla's first issue. We reverse the trial court's judgment and remand for further proceedings.[1] Because we conclude the trial court erred in granting the plea to the jurisdiction and dismissing the underlying cause, we also reverse the

---

[1] We express no opinion regarding the merits of First Ovilla's declaratory judgment action, or whether it will ultimately prevail. We hold only that the dismissal of First Ovilla's declaratory judgment action based on a plea to the jurisdiction that relied primarily on an injunction that has since been dissolved by this Court (and the case remanded for further proceedings) was improper.

award of attorney's fees.

/Lana Myers/
LANA MYERS
JUSTICE

190042F.P05



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

FIRST OVILLA, Appellant

No. 05-19-00042-CV     V.

JOHN PRIMM, GORDON BRUCE, LINDSAY BENDORF, THELMA MINYARD, JENNIFER DOKE, NEIL C. TURNER, JEREMY THOMPSON, ELISA JOHNSON, L. ELAINE TRICOLI, PETE PINEDA, JR., CHRISTOPHER STILLO FAMILY TRUST, CYNTHIA L. SCHWEIZER, LINDA H. BONDS, BARBARA WOHLRABE, ELIZABETH C. IRWIN, EDWARD J. FAROW, BENJAMIN BRUNSON, GEORGINA BRUNSON, CHARLES MCCALLUM, JOANNA MCCALLUM, MARGARET ABRUSLEY, CHARLOTTE JONES, JAMES HATCHETT,  JENNIFER HATCHETT, LEX R. READY, JR., LISA READY, EDWARD R. WESTMEYER, Appellees

On Appeal from the County Court at Law No. 1, Dallas County, Texas
Trial Court Cause No. CC-17-01696-A.
Opinion delivered by Justice Myers. Justices Whitehill and Pedersen, III participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED,** and this cause is **REMANDED** to the trial court for further proceedings consistent with this opinion. It is **ORDERED** that appellant FIRST OVILLA recover its costs of this appeal from appellees JOHN PRIMM, GORDON BRUCE, LINDSAY BENDORF, THELMA MINYARD, JENNIFER DOKE,

–11–

NEIL C. TURNER, JEREMY THOMPSON, ELISA JOHNSON, L. ELAINE TRICOLI, PETE PINEDA, JR., CHRISTOPHER STILLO FAMILY TRUST, CYNTHIA L. SCHWEIZER, LINDA H. BONDS, BARBARA WOHLRABE, ELIZABETH C. IRWIN, EDWARD J. FAROW, BENJAMIN BRUNSON, GEORGINA BRUNSON, CHARLES MCCALLUM, JOANNA MCCALLUM, MARGARET ABRUSLEY, CHARLOTTE JONES, JAMES HATCHETT, JENNIFER HATCHETT, LEX R. READY, JR., LISA READY, EDWARD R. WESTMEYER.

Judgment entered this 27th day of April, 2020.